STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, CA 95113
    Telephone:   (408) 535-5040
    Facsimile:    (408) 535-5081
    Email: michael.pitman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Criminal No. 5:21-CR-00004-BLF |
|---|---|
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| AMANDA CHRISTINE RILEY, | Date:    May 3, 2022<br>Time:    9:00 AM |
| Defendant. | Place:   Courtroom 1, San Jose |
| | **FILED UNDER SEAL** |

      The United States of America ("United States") hereby respectfully responds to Defendant Amanda Christine Riley's ("Defendant's") Sentencing Memorandum, filed under seal on April 26, 2022 (the "Memorandum") as follows:

      Section II.A.5. of the Memorandum purports to describe Defendant's current physical conditions, including some rather amorphous maladies. Obviously, claims of this sort from this Defendant in particular should be viewed with extreme skepticism. But even if the Court were to accept Defendant's claims as true, they would not justify the Memorandum's half-hearted appeal to U.S.S.G. § 5H1.4. Section 5H1.4 provides that "[p]hysical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or

in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines.  An extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." *See also United States v. Martinez-Guerrero*, 987 F.2d 618, 620-21 (9th Cir. 1993).  Here, the Memorandum has made no effort to establish that Defendant's condition is unusual or extraordinary, or that Defendant cannot be adequately cared for by the Federal Bureau of Prisons.  Nor does the Memorandum argue that home detention would be "as efficient as ... imprisonment" by presenting any evidence regarding the efficiencies of home confinement as opposed to imprisonment.  Nor is any such evidence included in the Presentence Investigation Report ("PSR"), which recommends an eighteen-month prison sentence in spite of Defendant's physical condition, which it discusses at length.  Given the nature of the criminal conduct at issue here, it would be perverse to depart downward under Section 5H1.4 based on Defendant's claims of illness on such a thin record.

Section III of the Memorandum seeks to silence one specific victim – "N.M."  This request is inconsistent with Defendant's protestations of remorse and acceptance of responsibility, and it is also inconsistent with the law.  Under 18 U.S.C. § 3553, a sentencing Court must consider not only the offense of conviction, but also the defendant's broader criminal record and history.  Such history may include uncharged criminal acts, as well as the injuries inflicted upon the victims of those acts.  *See, e.g., United States v. Salutric*, 775 F.3d 948, 951-52 (7th Cir. 2015).  In addition, 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  Thus, "[s]entencing courts have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997); *see also United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013) ("[A] sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").  Thus, to the extent the Memorandum argues that the Court is prohibited from allowing N.M. to speak at sentencing unless N.M. is a "victim" under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"), it is wrong.  To the contrary, even if the Memorandum's narrow reading of the term "victim" under the CVRA (which in this case would

presumable encompass only the single victim of the single transaction underlying the single count of conviction) were accurate and it was determined that N.M. did not qualify, such a determination would not *require* the Court to prevent N.M. from speaking at sentencing, although it would *permit* the Court to do so.[1]

All that having been said, "due process requires that a defendant be sentenced on the basis of accurate information." *United Sates v. Alvarado–Martinez*, 556 F.3d 732, 734-435 (9th Cir. 2009) (citing *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also Christensen*, 732 F.3d at 1106 ("The Due Process Clause requires that a defendant not be sentenced on the basis of 'misinformation of constitutional magnitude.'") (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)). "Thus, a district court may consider any relevant information, 'provided that the information has sufficient indicia of reliability to support its probable accuracy.'" *Id*. at 735 (quoting U.S.S.G. § 6A1.3(a); citing *United States v. Sustaita*, 1 F.3d 950, 952 (9th Cir. 1993)). The Ninth Circuit has differentiated between evidence used to calculate guidelines (such as loss amounts) on the one hand, and general victim impact testimony, on the other. *See Christensen*, 732 F.3d at 1104-05 (noting that it was proper for the sentencing court to consider "life-destroying impacts" on victims, even if not tied to the loss caused by the defendant, and also noting that "it was not the dollar amount of these victims' losses that the district court relied on in imposing this upward variance; rather, it was the intangible nature of [defendant's] conduct" in affirming). While at least one court has approved a sentence based, in part, on testimony from victims of uncharged conduct where the sentencing court "permitted defense counsel to cross-examine [the witnesses], call [the defendant's] mother to the stand, raise objections, and make 'extended arguments' on disputed points," *United States v. Alsante*, 812 F.3d 544, 548 (6th Cir. 2016), such a

---

[1] The Memorandum also requests that N.M.s Victim Impact Statement be stricken from the PSR. Here, the rules are slightly different: The Court *may* strike the Statement regardless of whether N.M. is a "victim" under the CVRA, *see United States v. Burkholder*, 590 F.3d 1071, 1074-76 (9th Cir. 2010) (district court did not violate victims' "right to be reasonably heard" under the CVRA by striking Victim Impact Statements from the PSR after reading and considering them), but the Memorandum cites no authority for the proposition that the Statement *must* be stricken if N.M. is not a "victim."

procedure would appear to be especially appropriate in cases where the victim's allocution touches on disputed matters.

In sum, the sentenced recommended by both the government and the PSR is sufficient but not greater than necessary to accomplish the goals of sentencing. Defendant should be sentenced to a term of imprisonment of 18 months, a three-year term of supervised release, an order to pay restitution in the amount of $105,513, and an order to pay a special assessment of $100.

Date: April 28, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

s/ Michael G. Pitman
MICHAEL G. PITMAN
Assistant United States Attorneys

* The government files this pleading under seal out of an abundance of caution because it responds to Defendant's Sentencing Memorandum which Defendant seeks to seal, but it is the government's position that this pleading can, and should, be unsealed and added to the public docket in its entirety.